**UNITED STATES DISTRICT COURT**
**MIDDLE DISRICT OF GEORGIA**
**MACON DIVISION**

ROBERT LEWIS SIMMONS,
JR.,

     Plaintiff,

     v.

Sheriff JERRY MODENA,
et al.,

     Defendants.

**Civil Action No. 5:09-cv-62
(HL)**

## ORDER

Before the Court are the Motions to Dismiss (Docs. 24, 35) filed by

Defendants Sheriff Jerry Modena ("Modena"), Bibb County Law Enforcement

Center ("BCLEC"), Lieutenant Billy Boatwright ("Boatwright"), Prison Health

Services, Inc., and Adebola Adeogun ("Adeogun"). For the following reasons,

the motions are granted.

### I. PROCEDRUAL AND FACTUAL BACKGROUND[1]

Plaintiff Robert Lewis Simmons, Jr. ("Simmons") is proceeding pro se.

According to Simmons' complaint (Doc. 1), on January 26, 2006, while he was

detained at BCLEC, he injured his hip after having fought with another inmate.

The following day, Simmons' attorney told him that he was going to the hospital,

---

[1] The Court's statement of facts is derived from the complaint Simmons filed in this Court. (Doc. 1). For purposes of resolving the Motions to Dismiss, the Court accepts Simmons' version of the facts as true.

but instead Simmons was placed in the BCLEC infirmary for two days where he was treated by Dr. Adeogun, a Prison Health Services' physician. According to Simmons, Dr. Adeogun told him that he was faking his injury. Simmons was released from the infirmary and placed in a holding cell.

Simmons remained in a holding cell for an unclear amount of time, at least three to five days. After asking for help, he was given an x-ray where it was discovered that he had a hip fracture. At some point, Simmons was sent to the Medical Center in Macon, Georgia for treatment. Simmons' treating physician told him that he needed emergency hip replacement surgery. Simmons underwent the surgery and four days later was released from the hospital with instructions to complete physical therapy three times per week. Simmons' physician informed him that he would need another hip replacement in ten to fifteen years. Simmons continues to suffer from pain and is no longer able to work as an auto mechanic because he is limited in his ability to bend and stand for periods of time.

On January 24, 2008, Simmons, though counsel, filed a complaint in the Superior Court of Bibb County against Modena and four John Does, unknown deputies of Bibb County Sheriff's Department. (Pl. Supplement to Compl. Doc. 7-2).[2] His complaint alleged state law violations. Specifically, he claimed that

---

[2] Simmons amended his federal complaint to include the Bibb County Superior Court complaint. Because Simmons' Bibb County Superior Court complaint and the subsequent dismissal are documents which are central to the timeliness of Simmons' federal claims, the Court will consider them in resolving the Defendants' motions to dismiss. See Brooks v. Blue Cross and Blue Shield, Inc., 116 F.3d 1364, 1369

Modena and the unknown deputies were negligent in failing to provide him medical treatment for his hip injury while he was incarcerated at BCLEC. (Id. ¶ 16). He included a negligent hiring, training, and supervising claim for Modena's failure to promulgate procedures and policies regarding proper medical care for detainees. (Id. ¶ 18-20). Simmons also asserted that Modena was vicariously liable for the unknown deputies' negligence. (Id. ¶ 28). He sought to recover general, special, and punitive damages. (Id.)

Simmons, though his counsel, then dismissed the case without prejudice on August 13, 2008. (Pl. Compl. Ex. 1 Doc. 1-2).

On February 12, 2009, Simmons filed a complaint in this Court alleging violations of 42 U.S.C. § 1983. His complaint differs from his state complaint in that he does not include state law claims, but adds a § 1983 claim. He also added to his complaint Defendants BCLEC, Boatwright, Prison Health Services, Dr. Adeogun, and Captain Williams/Wilder. (Doc. 1 and Pl. Amended Compl. Doc. 7). The federal and state complaints are similar in that both seek to recover damages for the harm Simmons incurred as a result of not receiving prompt medical treatment for his hip injury.

All the Defendants, except Captain Williams/Wilder and the unknown deputies, have filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). They argue Simmons' complaint fails to state a claim

---

(11th Cir. 1997) ( allowing courts to consider documents outside the complaint when the documents are central to the plaintiff's claim).

because the statute of limitations that applies to § 1983 actions bars Simmons' suit. Modena also argues that he is immune from suit in his individual and official capacity. Simmons has filed responses to the Motions to Dismiss. (Docs. 37, 42).

## II. MOTION TO DISMISS LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  The general rule in federal court is that a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, to survive a 12(b)(6) motion to dismiss a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level. Bell Atl. Corp. v. Twombly, 500 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  With regard to pro se plaintiffs, their complaints are to be construed liberally and held to less stringent standards than complaints drafted by lawyers.  Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III. ANALYSIS

### a. § 1983 Statute of Limitations

If it is facially apparent from the face of a complaint that the statute of limitations bars the action, then the complaint must be dismissed. Tello v. Dean

Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005). The applicable statute of limitations for personal injury actions brought pursuant to § 1983 is the forum state's statute of limitations. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003); Hardin v. Straub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L.Ed.2d 582 (1989) ("Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law."). In § 1983 cases federal courts also apply the forum state's tolling provisions. Bd. of Regents of Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 483-84, 100 S. Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980).

The statute of limitations for Simmons' § 1983 action, as determined by Georgia law, is two years. Ga. Code Ann. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."). Simmons' federal complaint was filed in 2009 based on a personal injury that took place in 2006. Consequently, his suit is clearly outside the two-year statute of limitations.

Georgia law, however, has a statutory tolling provision for "renewal actions." The statute provides that "[w]hen any case has been commenced in either state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court . . . within six months after the discontinuance or dismissal . . . ." Ga. Code Ann. § 9-2-61(a).

The renewal statute applies only if the subsequent complaint is "substantially the same both as to the cause of action and as to the essential parties." <u>United States Fid. & Guar. Co. v. Reid</u>, 491 S.E.2d 50, 52 (Ga. Ct. App. 1997) (emphasis removed). The renewal statute "may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued." <u>Wagner v. Casey</u>, 313 S.E.2d 756, 758 (Ga. Ct. App. 1984) (citations omitted). In other words, the plaintiff is limited to suing the same defendants under the same theories of recovery. <u>Ward v. Dodson</u>, 569 S.E.2d 554, 556 (Ga. Ct. App. 2002) (citation omitted).

The Defendants argue that the renewal statute does not apply to Simmons because he has added new Defendants to his federal complaint and his federal complaint seeks recovery under a substantially different theory than his state complaint.

### b. Substantially Similar Parties

Simmons originally sued only Modena and four unnamed deputies in his Superior Court action. In his federal complaint, he sues the same defendants, but also sues BCLEC, Prison Health Services, Dr. Adeogun, Boatwright, and Captain Williams/Wilder.

Because BCLEC, Prison Health Services, Dr. Adeogun, Boatwright, and Captain Williams/Wilder are different Defendants than those originally sued, Simmons' § 1983 complaint is not saved by the renewal statute. His complaint against these Defendants must be dismissed.

### c. Substantially Similar Claims

Modena and the four unnamed deputies must be dismissed because Simmons' §1983 claim against them is substantially different from the state tort claims he asserted against them in Bibb County Superior Court.

The substantially similar claims requirement is not satisfied even if a plaintiff's renewed complaint is based on the same wrongful conduct that harmed him. See Blier v. Greene, 587 S.E.2d 190, 194 (Ga. App. 2003) (finding that the new complaint which contained sexual assault and battery claims was substantially different from the original complaint for medical negligence even though the same wrongful conduct served as the basis for all claims); Burns v. Dees, 57 S.E.2d 32, 35, 39-40 (Ga. App. 2001) (barring plaintiff's unjust enrichment and quantum meruit claims when they were not included in the original complaint, but all claims arose from the denial of a claim against an estate). As a district court in the Northern District of Georgia stated, to be substantially the same, "only those specific claims raised in the plaintiff's first suit against [the Defendant] may be maintained . . . ." Jude v. Morrison, 534 F. Supp. 2d 1365, 1369 (N.D. Ga. 2008).

In this case, Simmons did not raise a § 1983 claim in his state complaint. It was raised for the first time in his federal complaint. Under the Georgia standard for renewal actions, his §1983 claim against the remaining Defendants is accordingly barred. This outcome is required under Georgia law even if the

same underlying wrongful conduct serves as the basis for Simmons' renewed complaint.

**IV.    CONCLUSION**

For the explained reasons, the Motions to Dismiss are granted.   Since Simmons' complaint is also dismissed against the John Doe Defendants and Captain Williams/Wilder, his complaint is dismissed in its entirety.   His Motion of Statement of Claim (Doc. 43) is denied as moot.

**SO ORDERED**, this the 21st day of May, 2010.


_s/   Hugh Lawson_
**HUGH LAWSON, SENIOR JUDGE**

lmc